UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| IDEN BOYD WILKEN, | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NOS. 3:11-CV-334 RM |
| | ) | and 3:11-CV-335 RM |
| UNITED STATES OF AMERICA, | ) | (Arising out of 3:09-CR-59 RM |
| | ) | and 3:09-CR-160 RM) |
| Respondent | ) | |

## OPINION and ORDER

Iden Boyd Wilken pleaded guilty to one count of possession with the intent to distribute marijuana in an amount less than 50 kilograms, in violation of 21 U.S.C. § 841(a)(1) and (b) (one of two counts charged in the indictment in 3:09-CR-59) and to one count of unlawful drug user in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2) (one of three counts charged in the indictment in 3:09-CR-160). Mr. Wilken also agreed not to contest the forfeiture of property set forth in 3:09-CR-160 as proceeds of drug trafficking and further agreed not to contest judicial or administrative forfeiture of firearms seized in 2006 and 2009.

Mr. Wilken was sentenced to a term of 108 months in 3:09-CR-59 to be served concurrently with a sentence of 60 months in 3:09-CR-160. He was sentenced to a three-year term of supervised release in 3:09-CR-160 and aggregate special assessments of $200 were imposed. Mr. Wilken is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255. Cause No. 3:09-CR-59, Doc. No. 52 and Cause No. 3:09-CR-160, Doc. No. 42.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. Wilken's plea agreement, which covers both cases, reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a proceeding under § 2255. Mr. Wilken's plea agreement, signed by Mr. Wilken, his attorney H. Jay Stevens, and Assistant United States Attorney William T. Grimmer, contains the following language in paragraph 7(k):

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not

limited to, a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Wilken challenges his sentence based on claims that (1) he received ineffective assistance of counsel because his counsel didn't object to an increase in his offense level based on him being found to be an organizer or leader of criminal activity; (2) the court erred in assessing a firearm enhancement; and (3) the court erred in allowing the seizure of property that wasn't involved in or the fruit of criminal conduct.

A.

A plea agreement with a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is greater than the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

At his change of plea hearing, Mr.Wilken said that he believed he had told his attorney everything counsel needed to know about the cases to represent him (Plea Hrg Tr, Doc. No. 27 at 5-6); that he was satisfied with the representation his

attorney had provided him (*id.* at 6); that he read the plea agreement (*id.*); that he understood all the terms in the plea agreement (*id.* at 10); that no one had used any force or made any threats against him to get him to plead guilty (*id.* at 15); and that he wanted to plead guilty because he thought he was guilty of the charges (*id.* at 16-17). Furthermore, the court found that his plea was knowing and voluntary (*id.* at 26). Mr. Wilken answered specific questions from the court about the waiver provision of his plea agreement:

> THE COURT: Now, as I understand it, you're aware that people who are sentenced in federal court have the right to appeal their sentence. But as I understand your plea agreement, you're giving up that right to appeal and giving up the right to file any later petition for writ of habeas corpus or for post-conviction relief or anything challenging your conviction or your sentence. Is that how you understand that?
> MR. WILKEN: Yes, it is.
> THE COURT: And that's an important provision, so let me ask a little more. As I understand it, that means that if from here on out I do anything with respect to the case that you don't think was right, or if Mr. Grimmer or anyone else from his office does anything with respect to the case that you don't think was right, or if Mr. Stevens in trying to represent you does anything with respect to the case that you don't think was right, even if whatever was done wrong meant your sentence turned out to be longer than it should have been, once we get to the sentencing hearing and I impose the sentence, you won't be able to complain about whatever went wrong to this court or to any other court.
> Is that how you understand that?
> MR. WILKEN: Yes, it is.

Plea Hrg Tr. at 15-16.

While Mr. Wilken's first claim is labeled "Ineffective Assistance of Counsel," it alleges that his counsel was ineffective in not objecting to a sentencing enhancement rather than ineffective in negotiating the waiver provision of the plea

4

agreement. This claim, then, contradicts the plea agreement as written and as agreed to by Mr. Wilken during the change of plea hearing.

Mr. Wilken's sworn statements at his change of plea hearing are presumed to be truthful, Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000), and the record supports a finding that his guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of Mr. Wilken's right to appeal and to file a § 2255 petition, the court explained the waiver to him during the plea colloquy, and Mr. Wilken acknowledged that he understood. Because Mr. Wilken's plea was informed and voluntary, the waiver of his right to appeal or to file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Mr. Wilken hasn't alleged that his counsel was ineffective in negotiating the plea or the waiver of his right to challenge his sentence contained in his plea agreement. Bridgeman v. United States, 229 F.3d 589, 591 (7th Cir. 2000). Instead, he contends only that his counsel was ineffective because he didn't contest the sentence enhancement for being an organizer or leader of criminal activity. He asserts that "[t]he District Court failed to identify five participants, and Defense Counsel, failed to raise this matter during sentencing hearing." Motion to Vacate, Cause No. 3:09-CR-59, Doc. No. 52 and Cause No. 3:09-CR-160, Doc. No. 42.

5

To the extent Mr. Wilken contends that he received provided ineffective assistance because his attorney didn't argue against the leadership role enhancement, his claim doesn't relate to the negotiation of the waiver of his right to appeal and is foreclosed by the plea agreement, which Mr. Wilken said he understood and agreed to. His claim, therefore, must be denied.

B.

In his second claim, Mr. Wilken asserts that firearm enhancements were erroneously assessed because the eighteen weapons that were seized from him were not related to the drug trade. Mr. Wilken knowingly waived his right to contest the details of his sentence via a § 2255 motion. The plea agreement contains the following language in 7(c):

> I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood and acceptance of responsibility as well as possible departures from the application of the U.S. Sentencing Guidelines

Furthermore, during the change of plea hearing, Mr. Wilkens indicated that he understood that decisions regarding sentence enhancements were entirely within the discretion of the court:

> THE COURT: Now, have you and Mr. Stevens looked over the Guidelines to try to get a feel as to how they might play out in your case?

>     MR. WILKEN: Yes, we have.
>     THE COURT: And I assume Mr. Grimmer's done the same thing for the Government.
>     The attorneys know and I want to be sure that you know that nobody can say for sure how I'm going to the answer those questions, including me, because I haven't tried to do it yet, and my answers may be exactly what someone expects or they might be different from what someone expects, maybe very different from what someone expects, but neither side has the right to withdraw from the plea agreement just because my answers weren't what they thought they would be.
>     Is that how you understand that?
>     MR. WILKEN: Yes, it is.

Plea Hrg Tr.at 13-14.

Mr. Wilken correctly points out that a sentencing court could have found that the multiple weapons found in his possession were unrelated to the drug counts. Nevertheless, the court in this case found that a firearm enhancement was appropriate and Mr. Wilken properly waived his right to challenge that sentencing enhancement. As mentioned in relation to his first claim, Mr. Wilken asserts no constitutional violation associated with the process of waiving his right to contest the sentencing enhancement. Thus, there are no grounds on which this claim may stand.

Within the text of his second claim, Mr. Wilken asks that the court weigh in on a question of "good time credit." This is beyond the scope of relief available under 28 U.S.C. § 2255.

C.

In his third claim, Mr. Wilken asserts that the government improperly seized and retained personal property. While his request is made under 28 U.S.C. §

2255, the court will construe it as a motion under Federal Rules of Criminal Procedure Rule 41(g). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The items that Mr. Wilkens lists as seized property in his motion appear to correspond to the items listed in the forfeiture allegation in the indictment in Cause No. 3:09-CR-160. Furthermore, in his plea agreement, Mr. Wilken agreed to not contest the forfeiture allegation. Nevertheless, it appears from the record that the government has not moved for an order of forfeiture. If the government holds the property without completing forfeiture, Mr. Wilken might have a cognizable claim. The court will therefore request the government to respond to Mr. Wilken's claim.

For these reasons, the court:

    (1) summarily DENIES Mr. Wilken's first claim under 28 U.S.C. § 2255;

    (2) summarily DENIES Mr. Wilken's second claim under 28 U.S.C. § 2255; and

    (3) ORDERS the government to show cause why Mr. Wilken's motion to return seized property should not be granted.

SO ORDERED.

Dated: August 29, 2011

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: I. Wilken
    W. Grimmer-AUSA